# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4529 | **DATE** | 11/13/2003 |
| **CASE TITLE** | Drury vs. Sanofi-Synthelabo, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant Larsen's motion to dismiss Counts I and II and defendant Sanofi's motion to dismiss Counts III and IV. Discovery is ordered closed on 4/30/04. Pretrial order will be due by 5/28/04; and response to any motions in limine by 6/11/04. Pretrial conference set for 6/25/04 at 4:00 p.m. and trial set for 7/19/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 1 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | MP | |
| | Mail AO 450 form. | | docketing deputy initials | 17 |
| | Copy to judge/magistrate judge. | | | |
| | | | 11/13/2003 | |
| MPJ | courtroom deputy's initials | | date mailed notice | |
| | | | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMANDA DRURY,

    Plaintiff,

v.

SANOFI-SYNTHELABO INC., a Delaware
corporation, and STEVE LARSON,
Individually,

    Defendant.

No. 03 C 4529

DOCKETED NOV 14 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Amanda Drury was employed as a senior sales representative for defendant Sanofi-Synthelabo, Inc. ("Sanofi") from September 9, 2001 until her termination on November 8, 2002. Drury files this complaint against both Sanofi and Peter Larsen, her District Manager when she was employed by Sanofi, alleging defamation, interference with her employment relationship, and violations of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). Mr. Larsen moves to dismiss Counts I, defamation, and II, interference with employment, and Sanofi moves to dismiss Counts III, defamation, and IV, interference with employment, pursuant to Fed. R. Civ. P. 12b(6). I grant the motions.

I.

Mr. Larsen moves to dismiss Count I and Sanofi moves to dismiss Count III, both of which allege defamation. On a motion to dismiss, I accept all well-pleaded allegations in the complaint as

17

true, *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997), and grant the motion only if the plaintiff can prove no set of facts to support the allegations in her claim. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998).

Ms. Drury claims that Sanofi, through its employee Mr. Larsen, made defamatory statements about her. Specifically, she alleges that Mr. Larsen called her a "cancer" to two of her co-workers and stated to the representatives from her sales district that if there were other "cancers on the team, then they will not be on the team much longer." Complaint, ¶ 33, 34. To state a claim for defamation, Mr. Drury must first show a "false and defamatory statement of and concerning" her. *Boose v. Paramount Pictures Corp.*, 952 F. Supp. 550, 553 (N.D. Ill. 1996) (Williams, J.). However, statements are not actionable as defamation if they are statements of opinion, which are constitutionally protected. *Id.* at 555. A statement is opinion when it is clearly an expression of a subjective view, rather than a claim by the speaker of objectively verifiable facts. *See, e.g., Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993).

The determination of whether a statement is a fact or an opinion is a matter of law. *Haywood v. Lucent Technologies, Inc.*, 169 F. Supp. 2d 890, 915 (N.D. Ill. 2001) (Alesia, J.). I must determine

> (1) whether the statement has a precise core of meaning for which a consensus of understanding exists, or conversely,

> whether the statement is indefinite and ambiguous; (2) whether the statement is verifiable; i.e., capable of being objectively characterized as true or false; (3) whether the literary context of the statement would influence the average reader's readiness to infer that a particular statement has factual content; and (4) whether the broader social context or setting in which the statement appears signals a usage as either fact or opinion.

*Boase*, 952 F. Supp. at 556 (citing *Ollman v. Evans*, 750 F.2d 970, 979 (D.C. Cir 1984), *cert. denied*, 471 U.S. 1127 (1985)).

The statements allegedly made by Mr. Larsen in this case are opinion, and therefore not actionable. The term "cancer," as used in this case, may or may not have a clear consensus of meaning. However, the statements alleged are vague expressions of Mr. Larsen's sentiments, not statements of verifiable fact. *Compare, e.g., Haywood*, 169 F. Supp. 2d at 915 (statement that plaintiff was "unstable" is an opinion); *Quinn v. Jewel Food Stores*, 276 Ill. App. 3d 861, 866-867 (Ill. App. Ct. 1995) (use of terms "'cocky,' 'con artist' and 'bullshit'" are "characterizations and opinions" rather than verifiable facts). Ms. Drury's complaint offers little in the way of literary or social context for these statements. In the first instance, the alleged term stands alone in her complaint, providing me with no evidence that it was intended to be heard as a factual statement. In the second instance, the context provided does not suggest that the objectionable term, "cancer," had a verifiable factual basis, but rather that it was a statement of opinion.

3

Ms. Drury's reliance on *Patlovich v. Rudd*, 949 F. Supp. 585 (N.D. Ill. 1996) (Aspen, C.J.), is misplaced. Unlike the alleged statements in this case, the reference in *Patlovich* to a "coverup" was in a letter that contained some of the factual basis for the label on the plaintiff's actions, but also hinted at other, unspoken factual bases. Further, the existence of a "coverup" is a factually verifiable situation, suggesting that the writer had facts supporting his characterization. *Id.* at 593. Here the alleged statement is unverifiable, and nothing provided by Ms. Drury suggests the same factual underpinnings as were present in *Patlovich*. As the only two statements alleged by Ms. Drury to be defamatory are opinion and not actionable, I grant the motions to dismiss Counts I and III.

## II.

Mr. Larsen and Sanofi also move to dismiss Counts II and IV, which allege interference with the employment relationship. Ms. Drury alleges interference by Mr. Larsen and, by extension, Sanofi, with her prospective economic advantage. While Ms. Drury presents Counts II and IV as allegations of interference with her "business relationship of employment," these claims are properly analyzed as the tort of intentional interference with prospective economic advantage. *See, e.g., Hoskins v. Droke*, No. 94-C5004, 1995 U.S. Dist. LEXIS 7090, at *13 (N.D. Ill. May 22, 1995) (Moran, C.J.) (citing *Otterbacher v. Northwestern Univ.*, 838 F. Supp. 1256, 1260

4

(N.D. Ill. Nov. 18, 1993) (Norgle, J.)). Illinois law provides four elements for this tort: "(1) the plaintiff had a reasonable expectation of entering into a valid business relationship; (2) the defendant knew of the plaintiff's expectation; (3) the defendant intentionally interfered with the legitimate expectation and prevented it from ripening into a valid business relationship; and (4) as a result, the plaintiff was injured." *Id.* at *14. While Ms. Drury has sufficiently alleged facts to support elements (1), (2), and (4), she has more difficulty with element (3). A claim of intentional interference generally can only be brought against a third party, not against the employer. *See, e.g., id.* at *15-16; *Otterbacher*, 838 F. Supp. at 1260-61. Sanofi was Ms. Drury's employer, not a third party, and so cannot have intentionally interfered with her prospective economic advantage. As Ms. Drury's supervisor, Mr. Larsen may be held liable for intentional interference only if a third party was the actual decision-maker and Mr. Larsen acted in his own interest "and totally unrelated to or antagonistic to the interest of the employer, in order to effectuate a wrongful termination of [Ms. Drury]." *Hoskins*, 1995 U.S. Dist LEXIS at *16; *see also Otterbacher*, 838 F. Supp. at 1261. Mr. Larsen was the decision-maker here, not a third party. In addition, while Ms. Drury makes the conclusory allegation that Mr. Larsen was acting "for his own motives," she alleges no facts that

establish what those motives are or how her termination was counter to the best interests of her employer.

I grant Mr. Larsen's motion to dismiss Count II and Sanofi's motion to dismiss Count IV.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 13, 2003